**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STARR LASHAY ANDERSON, )<br>)<br>Defendant. ) | Case No. CR-06-137-M |

## ORDER

On July 2, 2008, the parties filed a Joint Motion for Reduction of Sentence. The parties agree that Amendment 706 to the United States Sentencing Guidelines is applicable to this case and authorizes the Court to consider a reduction of defendant's sentence. The parties do not agree on the scope of the Court's authority on re-sentencing. Defendant asserts that a full re-sentencing is warranted; the government asserts that a full re-sentencing is not warranted.

On November 1, 2007, the United States Sentencing Commission's amendment to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1 (Amendment 706) took effect, reducing the crack cocaine guidelines by two levels. On December 11, 2007, the Commission voted to make the amendments to the crack cocaine guidelines retroactive, to amend the Policy Statement, application notes, and background to U.S.S.G. § 1B1.10, and to make these changes effective on March 3, 2008.

Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Section 1B1.10 of the United States Sentencing Guidelines provides, in pertinent part:

> (a) Authority. –
>
>> (1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> \*          \*          \*
>>
>> (3) Limitation. – Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement <u>do not constitute a full resentencing of the defendant</u>.

U.S.S.G. § 1B1.10 (emphasis added).

Based upon the clear language of § 1B1.10(a)(3), the Court finds that a full re-sentencing is not warranted. The Court further finds that defendant's term of imprisonment should be reduced based upon Amendment 706 and will issue a separate Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) forthwith.

**IT IS SO ORDERED this 9th day of July, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE