**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | Case No. CR-06-137-M |
| | ) | (CIV-08-675-M) |
| STARR LASHAY ANDERSON, | ) | |
| | ) | |
| Defendant-Movant. | ) | |

**ORDER**

Defendant-Movant Starr Lashay Anderson ("Anderson"), a federal prisoner, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody on July 2, 2008. On August 28, 2008, plaintiff-respondent United States of America filed its response.

I.      Introduction

On June 7, 2006, Anderson was charged in a four-count Indictment with multiple offenses stemming from her involvement in a drug operation. Specifically, Anderson was charged with conspiracy to manufacture, possess, and distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1) and 18 U.S.C. § 2 (Count 2), possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 3) and possession with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 4). On September 26, 2006, pursuant to a plea agreement, Anderson entered a guilty plea to Count 1 of the Indictment. As part of her plea agreement, Anderson waived her right to appeal or collaterally challenge her sentence and conviction.

1

On February 8, 2007, Anderson was sentenced to a term of imprisonment of 135 months and supervised release for 5 years. Anderson filed a direct appeal of her sentence. On July 2, 2007, the United States Court of Appeals for the Tenth Circuit enforced Anderson's waiver of appellate rights and dismissed her direct appeal. *United States v. Anderson*, No. 07-6047, 2007 WL 1884605 (10th Cir. July 2, 2007).

II.  Discussion

In her § 2255 motion, Anderson asserts (1) she was denied effective assistance of counsel; (2) her conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge or consequences of the plea; and (3) violation of her constitutional rights to equal protection and due process under the United States Constitution. The government contends that Anderson's claims should be dismissed because they are barred by the waiver of collateral review rights provision contained in her plea agreement. Anderson asserts that her waiver cannot be enforced because it was not made voluntarily and with understanding. She contends she did not understand the nature of the charges against her or the consequences of her plea.

"[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for evaluating the enforceability of a plea agreement containing a waiver of appellate rights. *United States v. Hahn*, 359 F.3d 1315, 1325

(10th Cir. 2004) (en banc).[1] When assessing the enforceability of a plea agreement containing a waiver of rights, courts must determine: "(1) whether the dispute [issue] falls within the scope of the waiver . . .; (2) whether the defendant knowingly and voluntarily waived his . . . rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. . . " *Id.*

A.  Scope of the Waiver

Paragraph 8 of Anderson's plea agreement provides:

> Defendant understands that the Court will consider those factors in Title 18, United States Code, Section 3553(a) in determining her sentence. Defendant also understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum for the offense(s) to which she is pleading guilty. Defendant further understands that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, give her the right to appeal the judgment and sentence imposed by the Court. Acknowledging all this, defendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives her right to:
> a.  Appeal or collaterally challenge her guilty plea and any other aspect of her conviction, including but not limited to any ruling on pretrial suppression motions or any other pretrial disposition of motions and issues;
> b.  Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, her sentence as imposed by the court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7.

---

[1] The same standard applies to waivers of collateral review. *United States v. Wales*, No. 05-3445, 2006 WL 950655, at *2 (10th Cir. April 13, 2006).

> c. It is provided that defendant specifically does not waive the right to appeal a sentence above the advisory sentencing guideline range determined by the Court to apply to this case.

Plea Agreement at ¶ 8 [docket no. 62].

The Court finds that the above-quoted provision effects a broad and unambiguous waiver of all issues presented by Anderson's § 2255 motion. In Paragraph 8 of the plea agreement Anderson specifically waives her right to challenge all aspects of her conviction, the only exception being the right to appeal a sentence above the advisory guideline range. Anderson was sentenced to 135 months' imprisonment, which did not exceed the applicable advisory guideline range for the offense of 135 to 168 months. Accordingly, the Court finds that the grounds for relief Anderson asserts in her § 2255 motion fall within her waiver of collateral review rights.

B. <u>Knowing and Voluntary Waiver</u>

A defendant bears the burden to show that she did not knowingly and voluntarily enter into her plea agreement. *Hahn*, 359 F.3d at 1329. When deciding whether a waiver is knowing and voluntary, courts look to two factors: (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and (2) the adequacy of the Federal Rule of Criminal Procedure 11 colloquy. *Id.* at 1325.

As previously noted, Paragraph 8 of Anderson's plea agreement effects a broad and unambiguous waiver of her appeal and collateral attack rights. Paragraph 8 expressly provides Anderson, "knowingly and voluntarily waives her right to appeal or collaterally challenge her guilty plea or any other aspect of her conviction". Plea Agreement at ¶ 8. The plea agreement also provides in the paragraph immediately preceding Anderson and her attorney's signatures, that

4

"defendant acknowledges that she has discussed its terms with her attorney and understands and accepts those terms. " *Id.* at 16.

Additionally, at the change of plea hearing, Anderson was asked by the Court whether her plea was made "voluntarily and completely of her own free choice" and she stated "Yes, Ma'am". Tr. of Change of Plea, September 26, 2007 at 7:5-7. When asked to explain in her own words her understanding of the consequences of her plea and the rights she was giving up, Anderson replied "I'm going to accept the punishment". *Id.* at 9:24-25, 10: 1-5.

In light of the above, the Court finds that Anderson knowingly and voluntarily entered into her plea agreement and knowingly and voluntarily waived her right to collaterally challenge her guilty plea and any other aspect of her conviction.

### C. Miscarriage of Justice

Knowing and voluntarily waivers of collateral challenges are generally enforceable. However, prior to a finding of enforceability, the Court must determine if enforcement would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1315. The miscarriage of justice exception to enforcement is utilized, "(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful." *Id.* Anderson has made no allegation of unlawful animus during the negotiation or rendering of her waiver. Her ineffective assistance of counsel claim does not pertain in any way to the negotiation or entering of her plea and waiver. For these reasons, the Court finds that the enforcement of Anderson's waiver does not result in a miscarriage of justice.

D.  Applicability of Waiver to Ineffective Assistance of Counsel Claim

The Tenth Circuit has held that a waiver of collateral review rights is enforceable even where ineffective assistance of counsel is claimed, unless the claim challenges representation in negotiating or entering the plea or waiver. *United States v. Cockerham*, 237 F.3d 1179, 1183-1187 (10th Cir. 2001). Anderson asserts three bases for her claim of ineffective assistance of counsel: (1) failure to inform her of the elements of conspiracy; (2) failure to disclose the full range of consequences of her plea, and (3) failure to obtain a lower sentence. The Court upon careful review of the record finds that Count 1 of the Indictment and the maximum penalty, restitution and special assessments on a plea of guilty were specifically noted in Anderson's Plea Agreement. Plea Agreement at ¶ 2. Additionally, during the hearing on her change of plea, Anderson after being furnished a copy of the Indictment, acknowledged having read the Indictment and waived the reading of the Indictment in open court. Likewise, the maximum punishment provided by law that could be imposed either on a finding of guilty or a plea of guilty was stated during the change of plea proceeding. Tr. of Change of Plea, September 26, 2007 at 3:8-17. Because none of Anderson's ineffective assistance of counsel claims attack the validity or the negotiation of the plea agreement itself, the Court finds Anderson's ineffective assistance claim does not survive her waiver.

III.  Conclusion

Accordingly, for the reasons set forth above, the Court finds that Anderson's waiver of her right to collaterally challenge her conviction and sentence should be enforced and that the claims Anderson asserts in her § 2255 motion should be dismissed. The Court, therefore, DISMISSES Anderson's § 2255 Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal

Custody.

**IT IS SO ORDERED this 5th day of February, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE